[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
K. E. Steinhardt ("claimant") filed a claim for unemployment compensation benefits against his former employer, Trans Atlantic Motors, Inc. ("employer"), of Stamford. The claimant had been employed for approximately six months as a motor vehicle technician. The employer contends that the claimant voluntarily CT Page 5657 quit his job on or about May 1, 1997, and hence was ineligible for unemployment benefits. An examiner for the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that he had left employment for good cause attributable to the employer.
Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The referee made the following factual findings: (1) the claimant was paid at the rate of $15 an hour, staffing with his first paycheck on January 3, 1997; (2) the claimant complained to the employer later that month, alleging that he had been promised $18 an hour; (3) the employer refused to pay the claimant at the rate of $18 an hour; and (4) the claimant continued to work for an additional four months at $15 an hour until May 1, 1997, on which date he quit his job on the basis of inadequate pay.
The referee concluded that because the claimant worked four months knowing that his pay was at the rate of $15 an hour, he did not show good cause attributable to the employer for his decision to leave work. The referee referred to the "trial period" doctrine which permits an employee to work a reasonable period of time, normally a month, without losing unemployment compensation, but concluded that working four months after knowing the rate of pay was too long under the circumstances. Thus, the referee reversed the administrator's decision granting compensation.
The claimant appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes § 31-249 and 31-249a, claiming that he had left employment for good cause attributable to the employer. The board noted that: (1) the claimant continued to work at the lower rate for several months after he knew that the employer was refusing to pay him $18 an hour; (2) there was no reason to extend the trial period in this case because of the lapse of time before the claimant left employment; and (3) the fact that the employer had violated General Statutes § 31-71(f) by not notifying the claimant in writing of his rate of pay did not mean that the claimant was entitled to stay on the job for four months "after becoming fully aware of the compensation system." Thus, the board adopted the referee's findings of fact and conclusion CT Page 5658 of ineligibility, ruling that the claimant voluntarily quit his employment without good cause attributable to the employer.
The claimant, Mr. Steinhardt, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes §31-249b. The plaintiff contends that he remained on the job for several months in order to determine whether the number of hours he worked would meet his expectations of total pay. The plaintiff also argues that the employer's violation of General Statutes §31-249b constituted a misrepresentation and caused him to accept the job in the first instance, and thus he left his employment for good cause attributable to the employer.
The board filed a return of record pursuant to General Statutes § 31-249b, and a heating was held before this court on February 2, 1999.
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator, 177 Conn. 132, 136,411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274(c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-MattatuckHistorical Society v. Administrator, 238 Conn. 273, 278,679 A.2d 347 (1996).
The Supreme Court has held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether CT Page 5659 the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386. More over, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, General Statutes § 31-249b provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519(a), now Practice Book § 22-9(a) provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
Practice Book § 22-4 provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by the entire transcript or portions thereof.
Practice Book § 22-9(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." See also Regs., Conn. State Agencies, §31-237g-51a. CT Page 5660
In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v.Administrator, 44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book § 22-4, the board's factual findings and those conclusions which are based on the weight of evidence and credibility of witnesses cannot be challenged.
The role of the court in deciding this appeal is to determine whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v.Administrator, supra, 43 Conn. App. 785.
General Statutes § 31-236(a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer." See also § 31-236-17(b) of the Regulations of Connecticut State Agencies.
Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as involving "the specific intentional act of terminating [one's] own employment." Section31-236-19 of the Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or working conditions which comprise the employment that the individual voluntarily left."
In the present case, the board determined that the plaintiff left his job voluntarily and without good cause attributable to the employer. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v. Administrator,25 Conn. App. 130, 135, 593 A.2d 154 (1991).
The conclusion of ineligibility for benefits is within the CT Page 5661 board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to justify the conclusions it reached concerning the circumstances under which the plaintiff left his employment. Therefore, the defendant's motion for judgment dated March 9, 1998, is granted. The board of review's decision is affirmed, and judgment hereby enters dismissing the plaintiffs appeal.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of May, 1999.
William B. Lewis, Judge