[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
John L. Wink ("claimant") filed a claim for unemployment compensation benefits against his former employer, Hicks Otis Prints, Inc. ("employer"), of Norwalk, by which he had been employed for about eight months in the shipping and receiving department. The employer contends that the claimant was terminated on or about February 13, 1998, for wilful misconduct because he had improperly contacted an important customer to complain about a late shipping order, and had been rude and hostile to that customer.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted Wink's application for unemployment compensation benefits on the basis that he deserved "the benefit of doubt." The examiner also stated that the claimant was fired because of a complaint by a customer which was deemed to be "hearsay" evidence.
The employer appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§ 31-241 and 31-237j, where it was referred to an CT Page 5652 appeals referee for a hearing de novo. The referee stated that the, issue was whether the claimant had been discharged for wilful misconduct. The referee made the following factual findings: (1) the claimant lost his job because of a telephone call he made to an important customer of the employer on February 13, 1998, in which he complained that the customer had made a last-minute change to an order; (2) this customer complained to the employer and said that the claimant had been rude and unprofessional; (3) as a shipping and receiving clerk, the claimant did not have the authority to register a complaint with a customer about that customer's business practices; (4) the customer in question was responsible for about $3,000,000 of business and the employer believed that the claimant's conduct had jeopardized the relationship; and (5) there was a similar incident earlier that same day, February 13, 1998, when the claimant initially refused to change a shipment as requested by another customer because it was a last-minute change and would require additional paperwork, and had been warned not to question such changes in the future.
The referee concluded that the claimant had engaged in "deliberate misconduct in wilful disregard of the employer's interests." Thus, the referee reversed the administrator's decision and denied benefits to the claimant.
The claimant appealed this decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249. The board reviewed the record, including a tape recording of the hearing before the referee, and concluded that the claimant did not have the authority as a shipping clerk to contact a customer to complain about that customer's last-minute change orders. The board also noted that the claimant had been warned earlier that day to "honor last-minute customer requirements." Thus, the board adopted the referee's findings and affirmed the decision denying benefits to the claimant on the basis that he had engaged in wilful misconduct in the course of his employment.
The claimant, Mr. Wink, hereinafter referred to as the plaintiff, appeals to this court, pursuant to General Statutes § 31-249b. The plaintiff argues that although he was hired as a clerk, he actually functioned as a "supervisor" and thus had the authority to contact his employer's customers to discuss more efficient ways to process shipping orders. The claimant also denied that he was rude to any customer of his employer. The CT Page 5653 board filed a return of record, and a hearing was held before this court on February 2, 1999.
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator, 177 Conn. 132, 136,411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274(c)." (Citations omitted; internal quotation marks omitted.). Mattatuck Museum-Mattatuck HistoricalSociety v. Administrator, 238 Conn. 273, 278, 679 A.2d 347
(1996).
The Supreme Court has indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes § 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986) CT Page 5654
Furthermore, General Statutes § 31-249b provides, in pertinent part: "[I]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519(a), now Practice Book § 22-9(a), provides in pertinent part: "The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
Practice Book § 22-4 provides, in pertinent part, that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript.
Practice Book § 22-9(b) provides, in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." In Calnan v. Administrator, 43 Conn. App. 779,785, 686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings is "a necessary prerequisite to a challenge to the board's decision." AccordChavez v. Administrator, 44 Conn. App. 105, 106-7, 686 A.2d 1014
(1997). Thus, in the absence of a motion by the plaintiff to correct pursuant to Practice Book § 22-4, the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be ignored or set aside.
Even if the court were to reach the merits of the appeal, the result cannot be changed. The issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra,43 Conn. App. 785.
General Statutes 31-236(a)(2)(B) provides in pertinent part CT Page 5655 that an individual is ineligible for benefits if he was discharged for "willful misconduct in the course of his employment." "willful misconduct" is defined as "deliberate misconduct in willful disregard of the employer's interests, or a single knowing violation of a reasonable and uniformly enforced rule or policy, when reasonably applied." General Statutes § 31-236(a)(15).
Section 31-236-26(a) of the Regulations of Connecticut State Agencies provides that in order to find that any act or omission constitutes willful misconduct, the administrator must find that "the individual engaged in deliberate misconduct in willful disregard of the employer's interest."
Section 31-236-26a provides that "[I]n order to establish that an individual was discharged or suspended for deliberate misconduct in willful disregard of the employer's interest, the Administrator must find all of the following: (a) Misconduct. To find that any act or omission is misconduct the Administrator must find that the individual committed an act or made an omission which was contrary to the employer's interest, including any act or omission which is not consistent with the standards of behavior which an employer, in the operation of his business, should reasonably be able to expect from an employee. (b)Deliberate. To determine that misconduct is deliberate, the Administrator must find that the individual committed the act or made the omission intentionally or with reckless indifference for the probable consequences of such an act or omission. (c) WillfulDisregard of the Employer's Interest. To find that deliberate misconduct is in willful disregard of the employer's interest, the Administrator must find that: (1) the individual knew or should have known that such act or omission was contrary to the employer's expectation or interest; and (2) at the time the individual committed the act or made the omission, he understood that the act or omission was contrary to the employer's expectation or interest and he was not motivated or seriously influenced by mitigating circumstances of a compelling nature. Such circumstances may include: (A) events or conditions which left the individual with no reasonable alternative course of action; or (B) an emergency situation in which a reasonable individual in the same circumstances would commit the same act or make the same omission, despite knowing it was contrary to the employer's expectation or interest."
The board's determination that the plaintiff did not have the CT Page 5656 authority to contact a customer and to complain about its last-minute order finds support in the record of this case, and was within the board's competence. Therefore, it should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
Thus, this court is not in a position to sustain the plaintiff's appeal because of its very limited role in appeals of this nature, and the absence of a motion to correct filed by the plaintiff. Therefore, the defendant board's motion (#101) for judgment dated October 26, 1998, is granted. The board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of May, 1999.
William B. Lewis, Judge