[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Victor M. Alfaro ("claimant") filed a claim for unemployment compensation benefits against his former employer, Nat's Garage CT Page 7555 ("employer"), of Norwalk. The claimant had been employed for approximately seventeen months as an auto mechanic. The employer contends that the claimant voluntarily quit his job on or about March 13, 1995. The claimant stated that he experienced an allergic reaction on his hands to certain chemicals he used on the job, asked for two days off to help his hands improve, and was discharged as a result.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that he had left employment for good cause attributable to the employer, and had not engaged in wilful misconduct.
Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The referee made the following factual findings: (1) the claimant tried to use latex surgical gloves to avoid the allergy to his hands, but these gloves developed cuts in the material and did not help his problem; (2) cloth gloves did not help either because the chemical causing the reaction soaked through the gloves; and (3) when the claimant stated that he needed two days off to try to improve the condition of his hands, the employer told him not to return to work.
The referee concluded that the claimant had demonstrated good cause for his decision to take two days off from work. Such an absence from work after notification to the employer did not constitute wilful misconduct according to the referee under the circumstances. Thus, the referee affirmed the administrator's decision granting compensation.
The employer appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes §§ 31-249 and 31-249a, contending that the claimant had left his job voluntarily and not because of good cause attributable to the employer. The board adopted the referee's findings of fact and conclusion of eligibility, ruling that the claimant did not voluntarily quit his employment but rather had been "discharged for disqualifying reasons." The employer also contended that it wished to offer additional evidence to the board or referee, but the board pointed out that CT Page 7556 the proper forum for the presentation of evidence is the original hearing before the referee. Hence, the board declined to hear additional evidence and further concluded that the hearing before the referee had been conducted in a proper fashion.
The employer, Nat's Garage, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b. The plaintiff contends that it was entitled to a further evidentiary hearing in order that affidavits from two other employees could be considered. The plaintiff also argues that an interpreter should have been supplied, that the claimant had admitted that he quit his job voluntarily, and that the claimant was working for another employer at the same time he was collecting unemployment benefits.
The board filed a return of record pursuant to General Statutes § 31-249b, and a hearing was held before this court on February 2, 1999. This court has been furnished twin guideposts by the Supreme Court in connection with its task of reviewing unemployment compensation appeals. The first is that "[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantesv. Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-Mattatuck HistoricalSociety v. Administrator, 238 Conn. 273, 278, 679 A.2d 347
(1996).
The Supreme Court has also held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically CT Page 7557 have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988).
"As a general rule, [t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
As a preliminary matter, it should be noted that General Statutes § 31-249b provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519(a), now Practice Book § 22-9(a) provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
Practice Book § 22-4 provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by the entire transcript or portions thereof.
Practice Book § 22-9(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may CT Page 7558 not clearly appear, or upon the finding of a material fact without evidence." See also Regs., Conn. State Agencies, § 31-237g-51a.
In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v.Administrator, 44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book § 22-4, the board's factual findings and those conclusions which are based on the weight of evidence and credibility of witnesses cannot be challenged successfully.
Even reviewing this appeal on its merits, it must be noted that the role of the court in deciding this appeal is to determine only whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra, 43 Conn. App. 785.
General Statutes § 31-236(a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer." See also § 31-236-17(b) of the Regulations of Connecticut State Agencies.
Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as involving "the specific intentional act of terminating [one's] own employment." Section31-236-19 of the Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or working conditions which comprise the employment that the individual voluntarily left."
In the present case, the board determined that the plaintiff did not leave his job voluntarily but rather was terminated without good cause by his employer. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that CT Page 7559 no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.) Acro Technology. Inc.v. Administrator, 25 Conn. App. 130, 135, 593 A.2d 154 (1991).
As to the plaintiff's application to present additional evidence, note is made of Regs., Conn. State Agencies, § 31-237g-22 (a), which provides, among other things, that "It is the responsibility of each party to present at the hearing before the Referee all witnesses, testimony, evidence and argument material to such party's contentions concerning the appeal. The Appeals Division may refuse to provide, by reopening, remand or otherwise, a further hearing for purposes of presenting testimony, evidence or oral argument not presented at the Referee's hearing duly scheduled in any case wherein it is determined that, through the exercise of due diligence by the party involved, such testimony, evidence or argument could have been presented at such hearing and there was no good cause for such party's failure to do so."
The conclusion of eligibility for benefits is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finikenstein v. Administrator, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to justify the conclusions it reached concerning the circumstances under which the claimant's employment was terminated by the plaintiff. Therefore, the defendant's motion (#101) for judgment dated November 29, 1995, is granted. The board of review's is affinned, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of June, 1999.
William B. Lewis, Judge
CT Page 7560