[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Thomas J. Schurman ("claimant") applied for unemployment compensation benefits after his employment was terminated by his former employer, Russell Chevrolet Motors, Inc. (employer), of Fairfield, for whom he acted as a service consultant/assistant manager for about three and a half years. The employer contends that the claimant was terminated on or about June 11, 1997, for wilful misconduct because he had failed to keep the employer's general manager fully apprized about an agreement between another employee, a mechanic, and a customer regarding certain parts of the customer's motor vehicle.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), General Statutes § 31-222 et seq., denied the application for unemployment compensation benefits because the claimant had engaged in wilful misconduct "in a position of management and he failed to be truthful to his employer. The [claimant] was covering up for another employee."
The claimant appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§ 31-241 and 31-237j, where it was referred to an appeals referee for a hearing de novo. The appeals referee stated that the issue was whether the claimant had been discharged for wilful misconduct. The appeals referee made the following factual findings: (1) the general manager determined that the claimant knew about a "side deal" between a mechanic and a customer involving cylinder heads on the customer's Corvette, which parts the customer exchanged with the mechanic for some toy airplane parts owned by the mechanic; (2) the side deal also involved purchasing the new cylinder heads from another supply store instead of using Chevrolet parts to be obtained by the employer; (3) when the general manager asked the claimant where the cylinder heads were located, the claimant advised that they were at the machine shop based on a request to do so by the mechanic; and (4) the claimant was "operating independently" from his employer by not keeping the general manager fully informed of the mechanic's conduct.
The appeals referee concluded that the claimant had engaged in "wilful misconduct against the employer's interests." Thus, CT Page 15729 the referee affirmed the administrator's decision denying benefits to the claimant.
The claimant appealed this decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249. The board reviewed the record, including a tape recording of the hearing before the appeals referee, and determined as follows: (1) the claimant did not know about the side deal between the mechanic and customer and did not know that the new cylinder heads were in the possession of the mechanic and not at the machine shop; (2) the parts sought by the customer for his Corvette "were not legally available from the Chevrolet catalogue," and that the job on the Corvette was an expensive project "with numerous other avenues for profit" by the employer; and (3) the claimant was justified in allowing the parts to be ordered from a source other than the employer's parts department because of their unavailability. Thus, the board concluded that the employer had not established that the claimant had been discharged for wilful misconduct within the meaning of General Statutes § 31-236 (a)(2)(B). The appeals referee's decision was reversed and the claimant was awarded compensation benefits.
The employer, now referred to as the plaintiff appeals to this court, pursuant to General Statutes § 31-249b. The plaintiff argues that the claimant violated three of its company policies: (1) allowing an employee such as the mechanic to deal directly with a customer; (2) permitting the mechanic to make a side deal with a customer for his own personal gain; and (3) facilitating the purchase of cylinder heads from an outside supplier, thus depriving the employer from realizing a profit from a sale through its own parts department. The board filed a return of record, and a hearing was held before this court on August 18, 1999.
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator, 177 Conn. 132, 136,411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful CT Page 15730 cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.). Mattatuck Museum-MattatuckHistorical Society v. Administrator, 238 Conn. 273, 278,679 A.2d 347 (1996).
The Supreme Court has indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService. Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService. Inc. v. Administrator, supra, 209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, General Statutes § 31-249b provides, in pertinent part: "in any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519(a), now Practice Book § 22-9(a), provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot CT Page 15731 review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
Practice Book § 22-4 provides, in pertinent part, that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript. Practice Book § 22-9(b) provides, in pertinent part: "[C]orrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." In Calnan v. Administrator, 43 Conn. App. 779,785, 686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings is "a necessary prerequisite to a challenge to the board's decision." AccordChavez v. Administrator, 44 Conn. App. 105, 106-7, 686 A.2d 1014
(1997). Thus, in the absence of a motion by the plaintiff to correct pursuant to Practice Book § 22-4, the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be ignored or set aside.
Even if the court were to reach the merits of the appeal, the result cannot be changed. The issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra.,43 Conn. App. 785.
General Statutes 31-236 (a)(2)(B) provides in pertinent part that an individual is ineligible for benefits if he was discharged for "wilful misconduct in the course of his employment." Wilful misconduct is defined as "deliberate misconduct in wilful disregard of the employer's interests, or a single knowing violation of a reasonable and uniformly enforced rule or policy, when reasonably applied . . ." General Statutes § 31-236 (a) (15).
Section 31-236-26a of the Regulations of Connecticut State Agencies provides that "in order to find that any act or omission constitutes willful misconduct, the administrator must find that "the individual engaged in deliberate misconduct in willful CT Page 15732 disregard of the employer's interest."
Section 31-236-26a provides that "[I]n order to establish that an individual was discharged or suspended for deliberate misconduct in willful disregard of the employer's interest, the Administrator must find all of the following: (a) Misconduct. To find that any act or omission is misconduct the Administrator must find that the individual committed an act or made an omission which was contrary to the employer's interest, including any act or omission which is not consistent with the standards of behavior which an employer, in the operation of his business, should reasonably be able to expect from an employee. (b)Deliberate. To determine that misconduct is deliberate, the Administrator must find that the individual committed the act or made the omission intentionally or with reckless indifference for the probable consequences of such an act or omission. (c) WillfulDisregard of the Employer's Interest. To find that deliberate misconduct is in willful disregard of the employer's interest, the Administrator must find that: (1) the individual knew or should have known that such act or omission was contrary to the employer's expectation or interest; and (2) at the time the individual committed the act or made the omission, he understood that the act or omission was contrary to the employer's expectation or interest and he was not motivated or seriously influenced by mitigating circumstances of a compelling nature. Such circumstances may include: (A) events or conditions which left the individual with no reasonable alternative course of action; or (B) an emergency situation in which a reasonable individual in the same circumstances would commit the same act or make the same omission, despite knowing it was contrary to the employer's expectation or interest."
The board's determination that the plaintiff did not establish that the claimant knew or should have known that his conduct violated the employer's interests finds support in the record of this case, and was within the board's competence. Therefore, it should not be disturbed. "The Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104,112, 470 A.2d 1196 (1984). "Our standard of review administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. CT Page 15733
In conclusion, this court believes that the administrator and appeals referee were completely justified in finding that the claimant engaged in wilful misconduct. "As a matter of law, it is well established that disregard of the standards of behavior that an employer has the right to expect of his employees, by carelessness or negligence of sufficient degree of frequency to show disregard for the employer's interests or equal culpability, constitutes wilful misconduct." United Parcel Service, Inc. v.Administrator, supra, 209 Conn. 386-87. Unfortunately, however, the court is prevented from sustaining the plaintiffs appeal because of its very limited role in unemployment compensation appeals, and also because of the absence of a motion to correct. Therefore, the defendant board's motion (#101) for judgement dated February 17, 1999, is granted and judgment hereby enters dismissing the plaintiffs appeal.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of December, 1999.
William B. Lewis, Judge