JOAN M. CHAVEZ *v.* ADMINISTRATOR, UNEM-
PLOYMENT COMPENSATION ACT
(14443)

Foti, Schaller and Hennessy, Js.

Argued December 16, 1996—officially released January 14, 1997

*Thomas P. Clifford III*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Charles A. Overend*, assistant attorney general, for the appellant (defendant).

*Lynne M. Knox*, for the intervenor-appellant (employment security board of review).

*M. Leonard Caine III*, for the appellee (plaintiff).

PER CURIAM. The defendant administrator of the Unemployment Compensation Act appeals from the judgment of the trial court reversing the decision of the security appeals division board of review (board) denying the plaintiff unemployment compensation benefits. The plaintiff, Joan M. Chavez, was initially found eligible for unemployment benefits by the administrator. An appeals referee affirmed the administrator's finding after conducting a trial de novo. The employer subsequently appealed the decision to the board. The board reversed the referee's decision and, in doing so, eliminated some of the referee's findings of fact and made its own additional factual findings. The plaintiff appealed to the Superior Court from the board's decision. After hearing, the trial court reversed the decision of the board and remanded the matter for further proceedings. In its memorandum of decision, the trial court found that the board improperly substituted its judgment for that of the referee on credibility issues without taking additional evidence or testimony.

This case is controlled by *Calnan* v. *Administrator, Unemployment Compensation Act*, 43 Conn. App. 779, 686 A.2d 134 (1996).[1] In *Calnan*, we reversed the trial court and held that in order for a plaintiff to challenge the findings of the board of review properly on appeal, the plaintiff must file a motion to correct those findings. Id., 785. As in *Calnan*, the plaintiff in this case did

---

[1] At oral argument, the plaintiff conceded that *Calnan* was controlling.

not move to correct the findings of the board before appealing to the trial court.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.