[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the employment security board of review (hereinafter the board) which determined that plaintiff Vernon J. Leftridge had been discharged for wilful misconduct in the course of his employment with Ursery Companies, Inc. (hereinafter Ursery). For reasons hereafter stated, the decision of the board is affirmed.
The record indicates that plaintiff was employed by Ursery and was discharged from such employment for absenteeism and tardiness. The Administrator ruled that plaintiff was ineligible for unemployment benefits. This decision was appealed, and on May 22, 1996, Associate Appeals Referee Matthew E. Wynne reversed the Administrator's ruling. The employer instituted a timely appeal of the referee's decision to the board of review on June 12, 1996.
By decision issued July 26, 1996, the board of review CT Page 227 reversed the decision of the referee and sustained Ursery's appeal. Plaintiff has appealed this decision which has been heard by the Court.
Appeals, such as this, from a decision of the board to the Superior Court are controlled by General Statutes § 31-249b. This section specifically provides that any finding of the board "shall be subject to correction only to the extent provided by § 519 of the Connecticut Practice Book." Practice Book § 519 specifies that the trial court "does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any evidence to support in law the conclusions reached. [The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses . . . ." Calnan v.Administrator, 43 Conn. App. 779, 783-784 (1996).
In appeals under § 31-249b, "The Superior Court does not try the matter de novo. It is not its function to adjudicate questions of fact. Nor may it substitute its own conclusions for those of the [board]. Guevara v. Administrator, 172 Conn. 492,495, 374 A.2d 1101 (1977). Rather, it is the function of the court to determine, on the record, whether there is a logical and rational basis for the decision of the [board] or whether, in the light of the evidence [the board] has acted illegally or in abuse of [its] discretion." Calnan v. Administrator, supra, 784-785.
The scope of the Court's review of the board's decision is even more confined where, as here, plaintiff has failed to file a motion to correct the finding. Chavez v. Administrator,44 Conn. App. 105, 106-107 (1997).
The record clearly supports the board's conclusion that plaintiff has a history of tardiness with his employer that was excessive in both frequency and duration and constituted a pattern of excessive tardiness which rose to the level of wilful misconduct.
The principal issue was whether or not the final instance of tardiness on March 2, 1996, for which plaintiff was terminated conformed to the past pattern of tardiness or was excused on the basis of mitigating circumstances.
Plaintiff claims that this last incident of tardiness was CT Page 228 excused by unforseen circumstances beyond his control. He claims that his late arrival at work was due to the fact that his car would not start and he assumed that his ride to work by another party would be on time. It was not. Because he was relying on this ride and assumed that it would be on time, he did not contact public transportation.
The board found, however, that plaintiff had been experiencing problems with his automobile for some time and that this problem had caused some of his prior incidents of tardiness. Because of the automobile problem, he attempted to make arrangements with different people for rides to work. These people had not been reliable.
The board had ruled in the past that an attendance violation resulting from an employee's loss of transportation could be considered to be good cause, provided the loss of transportation was beyond the employee's control and the claimant had taken all reasonable steps to obtain alternative transportation. It was determined that plaintiff's actions did not fall within the parameters of the rule. The board found that plaintiff had been experiencing chronic problems with his automobile and that this problem had caused prior incidents of tardiness. Because of this automobile problem, he attempted to make arrangements with various individuals for rides to work. On some occasions, he was unable to secure a reliable person to provide transportation.
The board concluded that since he had been experiencing these problems in obtaining reliable transportation to work up to the date of discharge, it could not find that the driver's nonappearance on that date constituted an unforseen circumstance so as to excuse his tardiness on that occasion. It was also concluded that plaintiff's failure to explore public transportation precluded a finding that he exhausted all reasonable steps to obtain alternative transportation. It was further concluded that the final instance of tardiness could not be excused on the basis of mitigating circumstances and was an instance of conduct which conformed to the past pattern of tardiness.
Where, as here, the plaintiff has failed to file with the board a motion to correct the findings, the Court is bound by the finding of facts determined by the board. Calnan v.Administrator, supra, 783. Based upon the findings of fact made by the board, it cannot be found by the Court that the board CT Page 229 acted illegally or in abuse of its discretion.
Accordingly, judgment is rendered in favor of the board and the appeal is dismissed.
Joseph J. Purtill Judge Trial Referee