[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Andre Pierre Louis, hereinafter referred to as the claimant, filed a claim for unemployment compensation benefits, which was denied by an examiner for the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222
et seq., on the basis that the claimant was not eligible for benefits because he had not worked since 1987. CT Page 5662
The claimant appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee found that the base period for the claimant was from October 1, 1996 to September 30, 1997, but that the claimant had not worked since 1987. The referee referred to General Statutes § 31-235(a)(3) which provides, among other things, that to be eligible for benefits, one must have received wages from an employer during the base period of the employee's current benefit year. The referee also noted that General Statutes § 31-230 provides that the base period of a benefit year shall be the first four of the five most recently completed calendar quarters prior to such benefit year. Therefore, the referee concluded that the claimant was ineligible for benefits because he did not receive any wages during his base year of October 1, 1996 to September 30, 1997. Thus, the referee affirmed the administrator's decision denying the award of benefits.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board). The board agreed with the referee that the claimant had not been employed since 1987 and therefore lacked any earnings during his base period. The board also discussed three statutes which pertain to the claimant's application for benefits.
The first is General Statutes § 31-230, which provides that the base period of a benefit year is the first four of the five most recently completed calendar quarters prior to the benefit year The claimant's benefit year, according to the board, was effective January 11, 1998, with a base period extending from the fourth quarter of 1996 through the third quarter of involuntarily terminated to receive benefits under certain circumstances but also requires the payment of wages by an employer during the claimant's base period. General Statutes § 31-250 pertaining to Social Security was discussed, but again there is a requirement for payment of wages during an eligibility period, which the plaintiff does not have. Finally, the board ruled that General Statutes § 31-255 concerning reciprocity between states was inapplicable because the claimant had not received earning in any state since 1987.
Thus, the board adopted the referee's findings of fact and conclusion of ineligibility. After the board refused the CT Page 5663 claimant's motion for a rehearing, Mr. Louis, hereinafter referred to as the plaintiff, appealed to this court, as authorized by General Statutes § 31-249b, contending that he was eligible for benefits. The board filed a return of record as required by General Statutes § 31-249b, and a hearing was held before this court on February 2, 1999.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "the [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274(c)." (Citations omitted; internal quotation marks omitted.)
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise CT Page 5664 of the administrative agency is highly relevant.'" Id., 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
In reviewing the decision of the board in this case, General Statutes § 31-249b should be noted. It provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519, now Practice Book § 22-9, provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Furthermore, Practice Book § 22-4 provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript.
Practice Book § 22-9(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." As was said in Calnan v. Administrator,43 Conn. App. 779, 785, 686 A.2d 134 (1996), "[h]ere, the plaintiff failed to file a motion with the board for correction of the findings, a necessary prerequisite to a challenge to the board's decision." To the same effect, see Chavez v. Administrator44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book § 22-4, the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
Even if the court were to reach the merits of this appeal, the result would not change. The issue is whether "the decision CT Page 5665 of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan, supra,43 Conn. App. 785. The board found that the plaintiff was last employed in 1987, and then referred to General Statutes §§ 31-230 and 31-235. Both statutes require that, in order to be eligible for benefits, one must be paid wages by an employer during the employee's base period. The board's conclusion of ineligibility for benefits is based on the referee's findings that the plaintiff was not employed during his base period from the fourth quarter of 1996, through the third quarter of 1997. These conclusions are within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator,192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the plaintiff's ineligibility for benefits. Therefore, the defendant board's motion (#101) for judgment, dated October 27, 1998, is granted, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of May, 1999.
William B. Lewis, Judge