[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff-employee, James D. Thomson, appeals the decision of the Employment Security Board of Review that he left the employ of Pavarini Construction Co., Inc. voluntarily and without good cause attributable to his employer. James D. Thomson left his job in June 1998. He claims he left the employment because the employment was unsuitable which renders his leaving the employment involuntary. Plaintiff further claims that he left the employment for good cause attributable to Pavarini Construction Co., Inc.
Administratively, it was determined he was not entitled to receive unemployment compensation benefits. CT Page 13583
The employee's appeal is a frontal attack on the factual findings and conclusions made at the several administrative levels. In an appeal such as this the court does not try the matter de novo. The court does not see and hear the witnesses. The court does not determine the credibility of the witnesses; rather the court is bound by the evaluation of the testimony and the conclusions reached by the appeals referee who saw and heard the witnesses as may be modified by the board of review. The court does not adjudicate facts. It may not substitute its conclusions for those made administratively. Its power to correct fact findings is limited. C.G.S. § 31-249b, Practice Book § 22-9.
Upon hardly conflicting evidence findings were made about various events plaintiff claims made the employment unsuitable. Plaintiff disputes these findings in this appeal and requests the court to correct these findings of the board of review.
Section 22-4 of the Practice Book provides:
 "If the appellant desires to have the finding of the board [of review] corrected he or she must, within two weeks after the record has been filed in the superior court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding and with it such portion of the evidence as he or she deems relevant and material to the corrections asked for; but if the appellant claims that substantially all the evidence is relevant and material to the corrections sought, he or she may file all of it, so certified, indicating in the motion so far as possible the portion applicable to each correction sought. The board shall forthwith upon the filing of the motion and the transcript of the evidence, give notice to the adverse party or parties." Practice Book, § 22-4.
Plaintiff has not filed the requisite motion to correct.
"Here, the plaintiff failed to file a motion with the board for correction of the findings, a necessary prerequisite to a challenge to the board's decision." Calnan v. Administrator, Unemployment CompensationAct, 43 Conn. App. 779, 785 (1996); Chavez v. Administrator, UnemploymentCompensation Act, 44 Conn. App. 105, 106-7 (1997)
Since plaintiff has not filed a motion to correct, the court cannot change any of the findings made by the board of review. CT Page 13584
Moreover, upon review of the entire record, the court cannot say that the administrative findings and conclusions could not reasonably have been reached. Such findings are sufficient to sustain the conclusion that the employee quit his job without good cause attributable to the employer.
Such findings are sufficient to sustain the conclusion that the employee quit his employment for insufficient cause connected therewith.
The appeal is dismissed and the denial of benefits is affirmed.
Parker, J.