[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Renex Alexis (claimant) applied for unemployment compensation benefits after hi: employment was terminated by his former employer, Shopwell, Inc. (employer) headquartered in Rocky Hill. The claimant had been working for this employer and/or its predecessor for about twelve years as a "scanning coordinator." The employer contends that the claimant was terminated on or about October 7, 1999, for wilful misconduct because he had misused a certain coupon to purchase merchandise from his employer's store in Stamford. An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), pursuant to General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that the claimant had not engaged in wilful misconduct.
The employer appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§ 31-241 and31-237j, where it was referred to an appeals referee for a hearing de novo. The appeals referee stated that the issue presented was whether the claimant had been discharged for wilful misconduct. The appeals referee CT Page 2000 made the following factual findings: (1) the claimant used a Catalina coupon on September 29, 1999, to purchase some fruit for which he paid a net balance of $.99 in cash as the coupon was worth a credit of $3.00; (2) the coupon had been given to a customer and had expired at the time the claimant used it; (3) the claimant rang up or calculated the transaction himself on a cash register; (4) the employer prohibited its employees from using these coupons and further restricted their use to purchases of at least $60 and only while paying by a Master Card; and (5) the employer's rules regarding the use of Catalina coupons were reasonable and were reasonably applied since other employees who misused these coupons had also been terminated.
The appeals referee concluded that the claimant had engaged in "a knowing violation" of the employer's rules regarding the use of Catalina coupons which constituted wilful misconduct" in the course of his employment. Thus, the referee reversed the administrator's decision and denied unemployment compensation benefits to the claimant.
The claimant appealed this decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249. The board reviewed the record, including a tape recording of the hearing before the appeals referee, and determined as follows: (1) the referee had made two errors in his factual findings in that the claimant did not ring up his own transaction, but rather an another employee did, and the Catalina coupon itself had not expired; (2) the referee's factual findings that the coupons were only to be used by customers, not employees, and for credit card transactions of at least $60 were correct. The board concluded that the employer had established that the claimant had violated its rules and hence was discharged for wilful misconduct within the meaning of General Statutes §31-236(a)(2)(B). The appeals referees decision was affirmed and the claimant was denied unemployment compensation benefits.
The claimant, referred to hereafter as the plaintiff, appeals to this court, pursuant to General Statutes § 31-249b.[1] The board filed a return of record, and a hearing was held before this court on October 31, 2000.[2]
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979) [T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act CT Page 2001 shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274(c)." (Citations omitted; internal quotation marks omitted.). Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, in reviewing this appeal, it is noted that Practice Book § 22-4 provides, in pertinent part, that if an appellant wishes the board's findings to be corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript. In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings is "a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator,44 Conn. App. 105, 106-7, 686 A.2d 1014 (1997). The plaintiff in this present ease did not file such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the CT Page 2002 evidence and the credibility of witnesses cannot be challenged.
As to the merits of the appeal, the issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra, 43 Conn. App. 785.
General Statutes § 31-236(a)(2)(B), as amended by Public Act No. 99-123, effective October 1, 1999, provides in pertinent part that an individual is ineligible for benefits if he was discharged for "wilful misconduct in the course of the individual's employment." "Wilful misconduct" is defined as "deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied." General Statutes § 31-236(a)(2)(16).[3]
To establish a knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, the administrator must find "all" the criteria set forth in section 31-236-26b
of the Regulations of Connecticut State Agencies.[4]
The board's determination that the plaintiff knew or should have known that his conduct violated the employer's interests finds support in the record of this case. The supervisor who interviewed the plaintiff reported that Mr. Alexis "stated that he was aware of the company's coupon policy but used it anyway . . . and had used these coupons before."
"The Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104, 112,470 A.2d 1196 (1984). "Our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
In conclusion, this court believes that the board was justified in finding that the claimant engaged in wilful misconduct. "As a matter of law, it is well established that disregard of the standards of behavior that an employer has the right to expect of his employees, by carelessness or negligence of sufficient degree of frequency to show disregard for the employer's interests or equal culpability, constitutes wilful misconduct." United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386-87. Therefore, the defendant board's motion (#101) for CT Page 2003 judgment dated May 17, 2000, is granted and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of February, 2001.
William B. Lewis, Judge T.R.