[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Lauri A. Goins (claimant) filed a claim for unemployment compensation benefits against her former employer, Executive Business Solutions (employer), headquartered in Diamond Bar, California, for whom she had worked for approximately nine years. The claimant contends that her employment as a technical support representative had been terminated improperly on or about September 29, 1999, and that she was entitled to benefits. The employer alleged that the claimant was terminated because she had been tardy on a number of occasions despite warnings of disciplinary action. The employer argues, therefore, that the claimant was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, pursuant to General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that she had not engaged in wilful misconduct by virtue of tardiness. CT Page 2071
The employer appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§ 31-241 and31-242. The matter was referred to an appeals referee for a hearing de novo. The referee stated that the issue presented was whether the claimant had been discharged for wilful misconduct. The referee made the following factual findings: (1) the claimant had been late for work about twelve times during the year 1999; (2) the claimant received a written warning on September 3, 1999, after being late on that date and the day before; (3) the claimant was late reporting for work on September 8, 1999, and received another written warning that further tardiness would result in termination of her employment; (4) the claimant was 30 minutes late for work on September 28, 1999, claiming that she had a flat tire while driving to work at which time her employment was terminated; and (5) the claimant did not furnish an original receipt from an automobile repair shop regarding the alleged flat tire, as requested by the referee.
The referee concluded that the claimant had committed wilful misconduct because of excessive tardiness despite warnings to cease such conduct. Accordingly, the referee reversed the administrator's decision and denied unemployment compensation benefits.
The claimant appealed this decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249. The board pointed out that the claimant's only stated reason for the appeal was that she had not found new employment and that she was requesting a waiver of her obligation to repay the overpayment that she had received. The board adopted the referee's findings and affirmed the decision denying unemployment compensation benefits to the claimant on the basis that she had engaged in wilful misconduct within the meaning of General Statutes § 31-236(a)(2)(B).
The claimant, referred to hereafter as the plaintiff, appeals to this court, pursuant to General Statutes § 31-249b.[1] The plaintiff stated that she sought "a waiver of repayment." The board filed a return of record, and a hearing was held before this court on October 31, 2000.[2]
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . Indeed, the legislature underscored its intent by expressly mandating that the act CT Page 2072 shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274(c)." (Citations omitted; internal quotation marks omitted.). Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has also indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . .If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service Inc. v. Administrator,209 Conn. 381, 385-86, 551 A.2d 724 (1988).
As a general rule, the application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." (Internal quotation marks omitted.) United Parcel Service, Inc. v.Administrator, supra, 209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107S. Ct. 781, 93 L.Ed.2d 819 (1986).
In reviewing this appeal, it is also noted that Practice Book §22-4 provides, in pertinent part, that if an appellant wishes the board's findings to be corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript. In Calnan v. Administrator, 43 Conn. App. 779, 785, 686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings is "a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator, 44 Conn. App. 105, 106-07,686 A.2d 1014 (1997). The plaintiff in this present case did not file such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the evidence and the CT Page 2073 credibility of witnesses cannot be challenged.
As to the merits of the appeal, the issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra, 43 Conn. App. 785. General Statutes 31-236(a)(2)(B), as amended by Public Act 99-123, effective October 1, 1999, provides in pertinent part that one is ineligible for benefits if discharged for "wilful misconduct in the course of the individual's employment."
Section 31-236-28 of the Regulations of Connecticut State Agencies provides that: "tardiness constitutes wilful misconduct under section31-236-26,[3] only if the pattern of tardiness constitutes either wilful disregard of the employer's interests as defined in section31-236-26a[4] of the regulations or a knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, as defined in section 31-236-26b[5] of these regulations."
The court agrees with the board that the plaintiff's tardiness was documented by the employer, and that the employer had effectively communicated to the plaintiff that any further tardiness would result in termination of her employment. The board's determination denying unemployment compensation benefits to the claimant was within the board's competence and therefore should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to justify the conclusions it reached concerning the existence of wilful misconduct due to a pattern of tardiness and the sufficiency of the warnings given to the plaintiff. Therefore, the defendant board's motion (# 102) for judgment dated April 7, 2000, is granted. The board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of February, 2001. CT Page 2074
William B. Lewis, Judge T. R.