[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Ann Kramer (claimant) filed a claim for unemployment compensation benefits against her former employer, the Weston Board of Education (employer). The claimant was employed for approximately thirteen years as a computer technician aide until the position was eliminated in .June, 1999. The employer contends that the claimant voluntarily retired, and hence was ineligible for unemployment benefits. CT Page 7022
Pursuant to General Statutes § 31-222 et seq., an examiner for the named defendant. the administrator of the Unemployment Compensation Act (administrator), granted the claimant's application for unemployment compensation benefits on the basis that she did not refuse a suitable offer of rehire.
Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed to the employment security appeals division, where the case was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether the claimant refused a suitable offer of rehiring.
The appeals referee, in a decision dated January 18, 2000, made the following factual findings: (1) the employer offered the claimant three part-time positions which together made up a full-time job; (2) the claimant refused to accept any of the three positions but stated that she would like to be a kindergarten aide; (3) the employer also clearly advised the claimant that she had "bumping" rights to take the job of a less senior employee in the same or a lower salary group; and (4) the claimant did not wish to displace any less senior employee.
The appeals referee concluded that the defendant sustained its burden of proving that the claimant failed to accept suitable work when offered by the employer, and failed to take the opportunity to bump another employee as authorized by the collective bargaining agreement between her union and the employer. Accordingly, the administrator's decision granting unemployment compensation benefits was reversed.
The claimant appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes § 31-249. The board reviewed the record, including a tape recording of the hearing before the appeals referee. The board determined that: (I) the claimant wanted the kindergarten position even though it was not a full-time job and paid $2.00 an hour less than her previous position; (2) the employer testified convincingly that it had advised the claimant that her union contract gave her bumping rights which she could exercise without receiving approval or permission from anyone; (3) the claimant clearly and explicitly advised the employer that she did not wish to displace a current kindergarten aide; (4) the claimant received a caution from a union official that if she could not perform the job of kindergarten aide, she risked losing that position; and (5) the claimant was qualified to perform the kindergarten job as it did not require a college education or prior experience with kindergarten children.
Accordingly, in a decision dated March 17, 2000, the board concluded CT Page 7023 that: (I) the refusal to exercise bumping rights is the same as refusing an offer of suitable work; (2) the kindergarten aide position constituted a suitable job for which the claimant was qualified: and (3) the claimant did not have sufficient cause to refuse suitable work by declining to exercise her bumping rights. Thus, the board affirmed the decision of the appeals referee, denied the appeal of the claimant, and determined that the claimant was ineligible for unemployment compensation benefits.
As authorized by General Statutes § 31-249a (b),[1] the claimant filed a motion to reopen the board's decision in order to offer evidence that her eyesight hampered her ability to perform as a computer technician aide. The claimant also sought to show that the technician's position was abolished because the employer was dissatisfied with her sight problems and resulting absenteeism.
The board denied the motion to reopen because the claimant: (1) did not present sufficient evidence to the appeals referee concerning her eyesight; (2) specifically sought the job of a kindergarten aide; and (3) and declined to bump another employee in order to fill the kindergarten aide position.
The claimant, referred to hereafter as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that she refused to bump another employee because she could not adequately perform the kindergarten aide position. The board filed a return of record, and a hearing was held before this court on February 9, 2001.[2]
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . . (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Societyv. Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes §31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of CT Page 7024 law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381. 385-86, 551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to deference. Griffin Hospital v. Commissionon Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, in reviewing this appeal, it is noted that General Statutes § 31-249b provides, in pertinent part, that: "In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 22-9 of the Connecticut Practice Book." See footnote 2, supra. Moreover, Practice Book § 22-4
provides that if an appellant seeks to have the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by "such portion of the evidence" considered relevant to the corrections being sought. In Calnan v. Administrator, 43 Conn. App. 779. 785, 686 A.2d 134 (1996), the court stated that tiling a motion with the board for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator,44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). The plaintiff in the present case did not file such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
As to the legal merits of the appeal, the issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra, 43 Conn. App. 785. "The court must not retry facts nor hear evidence." (Internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Society v.Administrator, supra, 238 Conn. 276. CT Page 7025
General Statutes § 31-236 (a)(1) provides in pertinent part that one is ineligible for benefits if the individual has "failed without sufficient cause . . . to accept suitable employment when offered by . . . an employer. . . . Suitable work means either employment in the individuals usual occupation or field or other work for which the individual is reasonably fitted . . ." See also sections 31-236-1 and 2 of the Regulations of Connecticut State Agencies to the same effect.[3]
The conclusion of ineligibility for benefits because of the refusal to exercise bumping rights is within the board's competence and should not be overruled. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to legally and logically justify the conclusions it reached concerning the circumstances under which the plaintiff refused a suitable job offer by declining to exercise her contractual right to bump another employee. Therefore, the defendant's motion (#101) for judgment dated November 9, 2000 is granted. The board of review's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this day of May, 2001.
William B. Lewis, Judge.