[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the denial of unemployment compensation. The claimant, Constantine Coutsouridis, was initially determined to be eligible for benefits on March 23, 1999. On May 11, 1999, the Board of Review overturned the decision, finding that the claimant had voluntarily CT Page 8282 left his job without good cause attributable to the employer.
"To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry facts nor hear evidence. . . . The Superior Court, therefore, is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the appeals referee. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted; internal quotation marks omitted.)Latina v. Administrator, Unemployment Compensation Act,54 Conn. App. 154, 159, 733 A.2d 885 (1999).
The claimant attacks the findings of the board of review because it reversed the findings of the appeals referee. The claimant, however, did not file a motion to correct the findings. Such an oversight is fatal to his claim. Chavez v. Administrator, Unemployment Compensation Act,44 Conn. App. 105, 686 A.2d 1014 (1997).
Accordingly, the decision of the Board of Review is upheld and judgment is entered for the defendant.
It is so ordered.
By the court
 ___________________ GILARDI, JUDGE