[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a statutory appeal, brought pursuant to General Statutes §31-249b, concerning unemployment compensation. In accordance with General Statutes § 31-249b, the employment security appeals division of the board of review (board) certified the record of this case to the Superior Court, and the court has performed a thorough review thereof.
On June 16, 2000, the administrator ruled the claimant-plaintiff, Liping Chanaphay, ineligible for unemployment benefits. The claimant-plaintiff appealed that decision, and the appeals referee (referee) conducted a de novo review thereof. In a July 19, 2000 written decision, the referee stated his factual findings and affirmed the administrator's decision. The referee stated that the issue presented in the appeal was whether the claimant had been discharged for wilful misconduct.
The relevant facts, as determined by the referee, are summarized as follows. The claimant-plaintiff worked for the employer as a sewing machine operator from May 2, 1994, until June 1, 2000. The employer maintains a workplace rule that prohibits violent behavior in the workplace, and it has discharged employees who engaged in such violent behavior. The employer discharged the claimant-plaintiff on June 1, CT Page 11564 2000, after she, in the presence of other employees, argued loudly with her supervisor and threw a fifty piece packet of zipper plackets in the director of her supervisor. The zipper plackets did not contain zippers or other metallic material, but were constructed of black fabric. The fifty piece packet weighed less than one pound. The decision to discharge the claimant-plaintiff was the result of her throwing the zipper plackets toward the supervisor, not because of her conduct in arguing with the supervisor. The claimant-plaintiff, however, had been warned previously about arguing with her supervisor in the presence of other employees.
The claimant-plaintiff appealed the referee's decision, arguing that the referee's findings were erroneous. On September 27, 2000, after conducting an independent review of the record, the board adopted the referee's factual findings and upheld his decision denying unemployment compensation benefits to the claimant-plaintiff on the basis that she had engaged in wilful misconduct within the meaning of General Statutes § 31-236(a)(2)(B). The claimant-plaintiff filed a motion to reopen, which was denied by the board. Pursuant to General Statutes § 31-249b, the claimant-plaintiff now appeals the board's affirming her ineligibility for unemployment benefits, arguing that the factual findings of the referee, as adopted by the board, are erroneous. The claimant-plaintiff has not filed a motion to correct the board's findings of fact, however. See Practice Book § 22-4.[1]
"To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.) Mattatuck Museum-Mattatuck HistoricalSociety v. Administrator, Unemployment Compensation Act, 238 Conn. 273,276, 679 A.2d 347 (1996).
As expressed in Practice Book § 22-4, if a party wishes the board's findings to be corrected, it must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript. Additionally, General Statutes § 31-249b provides, in pertinent part, that: "In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 22-9 of CT Page 11565 the Connecticut Practice Book."[2]
Our Appellate Court, in Calnan v. Administrator, UnemploymentCompensation Act, 43 Conn. App. 779, 785, 686 A.2d 134 (1996), explained that the filing of a motion for the correction of the findings is "a necessary prerequisite to a challenge to the board's decision." AccordChavez v. Administrator, Unemployment Compensation Act, 44 Conn. App. 105,106-07, 686 A.2d 1014 (1997). The claimant-plaintiff in this appeal did not file such a motion. Accordingly, she may not challenge the board's factual findings, and this court is bound by those findings. AccordSalvey Office Systems v. Administrator, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 337332 (January 29, 2001,Comerford, J.) ("[i]f, as in the present case, the plaintiff failed to file a motion to correct the board's findings, `this court is limited to the factual findings adopted by the board . . .'"); see also Finkensteinv. Administrator, 192 Conn. 104, 112-13, 470 A.2d 1196 (1984).
As to the merits of the appeal, the issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, Unemployment Compensation Act, supra, 43 Conn. App. 785. The function of the court in this appeal is to determine "whether there was any evidence to support in law the conclusions reached." Practice Book § 22-9(a). "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator, supra, 192 Conn. 112.
General Statutes 31-236(a)(2)(B) provides, in pertinent part, that one is ineligible for benefits if discharged for "wilful misconduct in the course of the individual's employment." "For purposes of subparagraph (B) of subdivision (2) . . . `wilful misconduct' means deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence and provided further, in the case of absence from work, `wilful misconduct' means an employee must be absent without notice for three separate instances within an eighteen-month period. . . ." Section 31-236(a) (16).
After reviewing the certified record, the court upholds the board's determination denying unemployment compensation benefits to the claimant-plaintiff. Such denial was within the board's competence, was not unreasonable, arbitrary or illegal and, therefore, should not be disturbed. The court finds, on the basis of the certified record, that CT Page 11566 the board was presented with sufficient evidence to justify the conclusions it reached concerning the existence of wilful misconduct due to the claimant-plaintiffs arguing with her supervisor and throwing zipper plackets in the direction of her supervisor, while in the presence of other employees. As expressed by the referee in his July 19, 2000 decision, "[an] employer cannot reasonably be expected to tolerate employees throwing articles at supervisory personnel as an expression of displeasure with assignments or directives." Accordingly, the board's decision is affirmed, and judgment hereby enters dismissing the claimant-plaintiff's appeal.
Foley, J