[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The claimant, Kelly Powell,[1] is appealing the decision of the board of review. On August 8, 2000, the administrator determined that the claimant was eligible for benefits based upon a finding that she was terminated for reasons other than wilful misconduct. On August 11, 2000, the claimant's employer, Institute of Professional Practice, Inc., appealed the administrator's decision. The appeals referee sustained the appeal and reversed the administrator's decision on September 8, 2000, finding that the claimant was not credible and that she voluntarily quit her job. The claimant appealed from the appeals referee's decision to the board of review on September 28, 2000. On November 2, 2000, after reviewing the record, the board of review concluded that the appeals referee conducted a full and fair hearing. The board affirmed the referee's decision and dismissed the appeal.
The claimant then filed a timely appeal to the Superior Court on December 4, 2000. On February 9, 2001, the defendant filed a motion for judgment moving the court to enter judgment dismissing the plaintiff's appeal. The claimant did not file a memorandum in opposition to the motion.
The employer moves for judgment on the ground that "Practice Book [§ 22-4] provides the mechanism for the correction of the board's findings." Calnan v. Administrator Unemployment Compensation Act,43 Conn. App. 779, 783, 686 A.2d 134 (1996). "In order for a plaintiff to challenge the findings of the board of review properly on appeal, the plaintiff must file a motion to correct those findings."[2] Chavez v.CT Page 15213Administrator Unemployment Compensation Act, 44 Conn. App. 105, 106,686 A.2d 1014 (1997)
In this case, the claimant failed to file a motion to correct. Therefore, the court's review is limited to whether or not there was any evidence to support the conclusions reached by the board of review. Here, the board conducted an independent review of the record and adopted the referee's findings of fact. (Board of Review Decision, November 2, 2000). It concluded that the referee conducted a full and fair hearing and it determined that the referee made a credibility determination in favor of the employer in finding that the claimant did not rescind her resignation during the notice period. Id. The employer's policy provided that "[o]nce submitted, orally or in writing, a resignation is final and can only be retracted with the approval of the State Director or his designee." Id. The claimant signed the administrator's fact finding report on August 4, 2000, stating that she rescinded her notice in writing. Id. When confronted by the employer at the referee's hearing, however, the claimant admitted that she did not rescind her resignation in writing, but that she orally advised her supervisor that she wanted to rescind. Id. The claimant conceded that she did not want to return to the full-time residential instructor position, but instead wanted to be a part-time substitute employee. Id. The director of adult services insisted that he was not advised that the claimant wanted to rescind her resignation, and that he did not reply that it would be better if she and the employer parted ways. Id.
The board stated that "[u]nless there is evidence in the record which undermines a Referee's credibility determination, we are generally reluctant to disturb that determination." Id. The board concluded that there was nothing in the existing record that would compel it to overturn the referee's credibility determination. Id.
The board found that the parties did not offer any argument in support of, or in opposition to, the appeal that would disturb the referee's finding of fact, the referee's findings were supported by the record, and that the referee's legal conclusions were legally consistent with those findings and the provisions of the Connecticut Unemployment Compensation Act. Id.
These conclusions are within the board's competence and should not be disturbed. The claimant has not asserted an opposition to the defendant's motion for judgment. Her appeal merely reiterates the arguments presented to the board and referee. Essentially she is seeking to have the court substitute its findings for those of the board. "The court [does] not retry facts or hear evidence." Latina v. Administrator, 54 Conn. App. 154,158, 733 A.2d 885 (1999). Accordingly, the court finds that on the basis CT Page 15214 of the certified record, sufficient evidence exists in the record to justify the board's conclusions concerning the circumstances under which the claimant left her employment. Therefore, the defendant's motion for judgment dismissing plaintiff's appeal is granted.
THOMAS G. WEST, J.