[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Salvatore Terracino (claimant) applied for unemployment compensation benefits after his employment with his former employer, Copstat Security, Inc. (employer) ended on July 26, 1999. The claimant had been working for this employer for about two and a half years as a security guard.
The employer contends that the claimant's employment was terminated for wilful misconduct because he violated company policy in that "while performing security duties at a corporate location during off hours, the subject removed his clothing and was off his post washing his vehicle." The claimant stated that all he did was take his shirt off because he was changing clothes. "and that there was no place to change."
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), pursuant to General Statutes § 31-222 et seq., determined that the claimant was not terminated for a "deliberate act of misconduct" but rather for some other reason. Therefore, the examiner granted the claimant's application for unemployment compensation benefits.
Pursuant to General Statutes §§ 31-241 and 31-237j, the employer appealed the administrator's decision to the Employment Security Appeals Division, where it was referred to an appeals referee for a hearing de novo. The appeals referee stated that the issue presented was whether the claimant had been discharged for wilful misconduct. The appeals referee made the following factual findings: (1) the claimant was shown in a photograph wearing just his underwear shorts while on the job site on July 26, 1999; (2) the claimant admitted that he was out of uniform on that occasion; and (3) the employer's client, Suffolk Construction Co., Inc., fired the employer as a result of the claimant's actions and wrote to the employer that the claimant's conduct was "offensive, unprofessional and unacceptable."
The appeals referee concluded that the employer's rule insisting that its guards stay in their uniforms while at the job site was "reasonable and is a standard business practice in the field of security." The referee also concluded that by breaking a reasonable rule of conduct for security officers, the claimant had engaged in intentional wilful misconduct in the course of his employment. Therefore, the referee CT Page 3852 reversed the administrator's decision granting unemployment compensation benefits to the claimant.
The claimant moved to reopen the case to present additional evidence. The appeals referee, however, after viewing a document prepared by the claimant attempting to establish that he was not working in Wilton on July 17, 1999, where the picture of him was purportedly taken, reaffirmed his earlier decision on the basis that the employer's business records established that the claimant was working in Wilton on the day in question. Accordingly, this motion to reopen was denied.
The claimant appealed this decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249. The board reviewed the record, including a tape recording of the hearing before the appeals referee, and added two new findings of fact that the testimony of the claimant that he was not working in Wilton on July 17, 1999 was not credible, and that the referee's belief that the claimant had violated the work rule about being in uniform was supported by the record, including the fact that the employer's client terminated its relationship with the employer because of this incident, and also because the claimant had been warned before about not wearing his uniform. The board also determined that the work rules of the employer requiring its guards to wear complete uniforms, and its publishing that the failure to do so on two occasions would cause a termination of employment, were reasonable.
The board concluded that the employer had established that the claimant had acted in reckless disregard of the employers interests, and hence was discharged for "wilful misconduct." The appeals referee's decision was affirmed and the claimant was denied unemployment compensation benefits.
The claimant moved to reopen the board's decision as authorized by General Statutes § 31-249a on the basis that he was working in Stamford on the day in question and therefore the picture of a man in his underwear was someone else. The motion to reopen was denied and its earlier decision was reaffirmed because: (1) the employers payroll records established that the claimant was working in Wilton, not Stamford, on July 17, 1999; (2) the claimant had not specifically denied that the picture of the man was him when first confronted with the picture; and (3) the claimant admitted at earlier hearings that he did disrobe near his car but on the job site.
The claimant, referred to hereafter as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b. The board filed a return of record, and a hearing was held before this court on December 4, 2001.[1]
CT Page 3853
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.). Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, in reviewing this appeal, it is noted that Practice Book § 22-4 provides, in pertinent part, that if an appellant wishes the board's findings to be corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the CT Page 3854 entire transcript. In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings is "a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator,44 Conn. App. 105, 106-7, 686 A.2d 1014 (1997). The plaintiff in this present case did not file such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
As to the merits of the appeal, the issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra, 43 Conn. App. 785.
General Statutes § 31-236 (a)(2)(B) provides in pertinent part that an individual is ineligible for benefits if he was discharged for "wilful misconduct in the course of the individual's employment." "Wilful misconduct" is defined as "deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied." General Statutes § 31-236 (a)(2) (16).[2]
The board's determination that the plaintiff's conduct constituted a reckless disregard of the employer's interests finds support in the record of this case. The plaintiff had been warned before about being out of uniform in 1998.
"The Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104, 112,470 A.2d 1196 (1984). "Our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
In conclusion, the court finds that the board was justified in finding that the claimant engaged in wilful misconduct. "As a matter of law, it is well established that disregard of the standards of behavior that an employer has the right to expect of his employees, by carelessness or negligence of sufficient degree of frequency to show disregard for the employer's interests or equal culpability, constitutes wilful misconduct." United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386-87. Therefore, the defendant's motion (#102) for judgment dated November 15, 2000, is granted and judgment hereby enters dismissing the plaintiff's appeal. CT Page 3855
So Ordered.
Dated at Stamford, Connecticut, this 21st day of March, 2002.
William B. Lewis, Judge T.R.