[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
William C. Vernon, Jr. (claimant) filed a claim for unemployment compensation benefits against his former employer, PC Playhouse (employer), of Greenwich. The claimant had been employed for approximately two and a half years as a computer instructor. The employer, a sole proprietorship, contends that the claimant left his job voluntarily on or about October 23, 1999, and hence was ineligible for unemployment benefits. CT Page 2242
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), pursuant to General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that he had not engaged in wilful misconduct and thus his employment had been terminated through no fault of his own.
Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The appeals referee made the following factual findings: (1) after being absent from work, the claimant came into work on November 1, 1999, still reporting that he was ill; (2) on that date the employer advised him to take as much time off as the claimant needed to regain his health; (3) the claimant felt better on November 3, 1999, reported for work and was fifed; and (4) the final absence from November 1, 1999 to November 3, 1999 was upon proper notice and with good cause based on illness.
The appeals referee concluded that the claimant had not left his job voluntarily but rather had been discharged without having committed wilful misconduct. Accordingly, the administrator's decision granting benefits was affirmed.
The employer appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes § 31-249. The employer alleged that the claimant had been absent without providing notice and therefore was terminated for wilful misconduct. The board reviewed the record, including a tape recording of the hearing before the appeals referee, and determined as follows: (1) the claimant did not intend to quit his job; (2) he received permission to take time off starting November 1, 1999 because of illness; and (3) the claimant had been discharged for a final absence from work that was both reported and for good cause." Thus, the board concluded that the appeals referee was correct when he ruled that the claimant did not voluntarily leave his employment and was therefore entitled to unemployment compensation benefits.
The employer moved to reopen the case so that it could present evidence of various absences in both 1998 and 1999 attributable to the claimant. The board denied the motion to reopen on the basis that the last absence in November, 1999 "was both properly reported and for good cause."
The employer, referred to hereafter as the plaintiff, appeals to this court, pursuant to General Statutes § 31-249b.[1] The board filed a CT Page 2243 return of record, and a hearing was held before this court on October 31, 2000.[2] The board certified the record to the court pursuant to General Statutes § 31-249b. The plaintiff contends that the claimant had been absent from work on a number of occasions all without providing prior notice.
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . .Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274(c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes §31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . .If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 3 85-86, 551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency 1is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986). CT Page 2244
Furthermore, in reviewing this appeal it was noted that Practice Book § 22-4 provides In pertinent part that if an appellant wants the board's findings to be corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding," accompanied by either the entire transcript or portions thereof
In Calnan v. Administrator, 43 Conn. App. 779, 785, 686 A.2d 134
(1996), the court stated that filing a motion with the board for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator, 44 Conn. App. 105,106-07, 686 A.2d 1014 (1997). The plaintiff in this present case did not file such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
As to the merits of the appeal, the issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra, 43 Conn. App. 785.
General Statutes § 31-236(a)(2)(A), as amended by Public Act No. 99-123, effective October 1, 1999, provides that one is ineligible for benefits if "the individual has left suitable work voluntarily and without good cause attributable to the employer." See also section31-236-17 of the Regulations of Connecticut. State Agencies.[3]
Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as involving "the specific intentional act of terminating [one's] own employment." In the present case, the board determined that the plaintiff did not intend to leave his job voluntarily, but rather was terminated by the plaintiff without good cause.
The conclusion of eligibility for benefits is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v.Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. CT Page 2245
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to justify the conclusions it reached concerning the circumstances under which the claimant's employment was terminated. Therefore, the defendant's motion (# 101) for judgment dated August 25, 2000, is granted. The board of review's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of February, 2001.
William B. Lewis, Judge Trial Referee