[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Gloria G. McClellan (claimant) filed a claim for unemployment compensation benefits against her former employer, Wizard of Westport (employer), which was in the business of renting costumes. The claimant had been employed for approximately three years. The employer contends that the claimant left her job voluntarily on or about October 31, 1997, and hence was ineligible for unemployment benefits.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), pursuant to General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that her employer had failed to pay the claimant the wages and overtime that she was due.
Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The appeals referee scheduled a hearing but the employer did not appear. However, the referee granted the employer's motion to reopen and CT Page 2470 held a new hearing. The referee said that the issue presented was whether the claimant left suitable work voluntarily and without good cause attributable to the employer.
As a result of the new hearing, the referee rendered a decision dated July 14, 1998, land made the following factual findings: (1) on October 31, 1997, the last day of her employment, the claimant asked the employer for an extra check for overtime; (2) the employer went to her office to write out a check but by the time the employer returned, the claimant had departed and never returned to work; (3) there was no history of prior problems, dissatisfaction or confrontations with the employer regarding wages; and (4) the claimant was a salaried employee who was not entitled to overtime.
The appeals referee concluded that the claimant had left suitable work voluntarily and without good cause attributable to the employer. Accordingly, the administrator's decision granting unemployment compensation benefits was reversed.
The claimant appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes § 31-249, claiming that she had been fired and had not left her employment voluntarily. The board reviewed the record, including a tape recording of the hearing before the appeals referee. The board noted that j"the claimant quit without waiting to see if the paycheck remedied the situation." Accordingly, the board determined that the appeals referee was correct when he characterized the claimant's actions as a "voluntary leaving, " as contrasted with terminating a job because of good cause attributable to the employer.
The claimant then made a motion to "reopen" the decision on the ground that she had been deprived of the opportunity to cross examine the employer's bookkeeper. In a decision dated December 8, 1998, the board denied the motion to reopen.[1]
The claimant, referred to hereafter as the plaintiff appeals to this court pursuant to General Statutes § 31-249b.[2] The board filed a return of record, and a hearing was held before this court on October 31, 2000.[3]
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the CT Page 2471 legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Societyv. Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes §31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, in reviewing this appeal it was noted that Practice Book § 22-4 provides in pertinent part that if an appellant wants the board's findings to be corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either the entire transcript or portions thereof. In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator,44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). The plaintiff in the present case did not file such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the CT Page 2472 evidence and the credibility of witnesses cannot be challenged.
As to the merits of the appeal, the issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra, 43 Conn. App. 785.
General Statutes § 31-236(a)(2)(A), as amended by Public Act 99-123, effective October 1, 1999, provides in pertinent part that an individual is ineligible for benefits if"the individual has left suitable work voluntarily and without good cause attributable to the employer." See also section 31-236-17 of the Regulations of Connecticut. State Agencies.[4] Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as involving "the specific intentional act of terminating [one's] own employment."
In the present case, the board determined that the plaintiff left her job voluntarily, intentionally and without good cause attributable to the employer. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v.Administrator, 25 Conn. App. 130, 135, 593 A.2d 154 (1991).
The conclusion of ineligibility for benefits is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v.Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to justify the conclusions it reached concerning the circumstances under which the plaintiff left her employment. Therefore, the defendant's motion (#101) for judgment dated February 10, 1999, is granted. The board of review's decision is affirmed, and judgment hereby enters dismissing the plaintiffs appeal.
So Ordered. CT Page 2473
Dated at Stamford, Connecticut, this 13th day of February, 2001.
William B. Lewis, Judge