[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
William R. Elliott, Jr. (claimant) applied for unemployment compensation benefits after his employment was terminated by his former employer, Crown Theaters, L.P. (employer). The claimant had been working for this employer for about seven and a half years as a projectionist for movies. The employer contends that the claimant's employment was terminated for wilful misconduct because he had shown a R-rated movie on June 23, 2000 to an audience of parents and children expecting to see a G-type movie.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), pursuant to General Statutes § 31-222 et seq., determined that the claimant "inadvertently" failed to show the correct movie and hence the "moviegoers, consisting of parents and young children, viewed the nudity and profanity that takes place during the first several minutes ofShaft." The examiner also determined that the incident "was due to general incompetence rather than a deliberate act of misconduct" and therefore the examiner granted the claimant's application for unemployment compensation benefits.
Pursuant to General Statutes §§ 31-241 and 31-237j, the employer appealed the administrator's decision to the Employment Security Appeals Division, where it was referred to an appeals referee for a hearing de novo. The appeals referee stated that the issue presented was whether the claimant had been discharged for wilful misconduct. The appeals referee made the following factual findings: (1) the claimant "mistakenly started to show the wrong movie. He showed the R rated movie, Shaft, instead of the G rated movie, Chicken Finger;" (2) members of the audience complained to the employer who refunded the price of the tickets to about 200 patrons; and (3) the claimant had shown "the wrong movie on two prior occasions."
The appeals referee concluded, however, that the claimant had not engaged in intentional wilful misconduct in the course of his employment, but rather that he had been negligent and careless. Thus, the referee affirmed the administrator's decision granting unemployment compensation benefits to the claimant.
The employer appealed this decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249. The board reviewed the record, including a tape recording of the hearing before the appeals referee, and added two new findings of fact, viz., (1) on the two prior occasions when the claimant showed the wrong movie, he had been warned by the employer that "he could be fired if he made a similar mistake in the future;" and (2) the claimant should CT Page 10616 have stayed in the projection booth a few minutes to make sure that the correct movie was being shown as he did not have any duties requiring his immediate attention.
The board concluded that the employer had established that the claimant had acted in reckless disregard of the employer's interests, and hence was discharged for "wilful misconduct." The appeals referee's decision was reversed and the claimant was denied unemployment compensation benefits.
The claimant moved to "reopen" the board's decision on the basis that he had not shown any wrong movie in the year prior to his discharge, and that he could not have waited in the projection booth to check on what movie was being shown as he had other duties to fulfill. The motion to reopen was denied on the basis that the claimant had not attended the hearing before the appeals referee on August 15, 2000 to present evidence regarding these two contentions, and the board cited as authority section31-237g-26 (c) of the Regulations of Connecticut State Agencies.[1] The board also stated that by failing to appear at the referee's hearing, "the claimant has waived the right to object to the findings of fact and conclusions of law which were based on the testimony and evidence presented at that hearing."
The claimant, referred to hereafter as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b.[2] The board filed a return of record, and a hearing was held before this court on April 12, 2001.[3]
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.). Mattatuck Museum-Mattatuck Historical Societyv. Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must CT Page 10617 not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, in reviewing this appeal, it is noted that Practice Book § 22-4 provides, in pertinent part, that if an appellant wishes the board's findings to be corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript. In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings is "a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator,44 Conn. App. 105, 106-7, 686 A.2d 1014 (1997). The plaintiff in this present case did not file such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
As to the merits of the appeal, the issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra, 43 Conn. App. 785.
General Statutes § 31-236 (a)(2)(B), as amended by Public Act No. 99-123, effective October 1, 1999, provides in pertinent part that an individual is ineligible for benefits if he was discharged for "wilful misconduct in the course of the individual's employment." "Wilful misconduct" is defined as "deliberate misconduct in wilful disregard of CT Page 10618 the employer's interest." General Statutes § 31-236 (a)(2) (16).[4]
The board's determination that the plaintiffs conduct constituted a pattern of indifference and negligence which rose to a reckless disregard of the employer's interests finds support in the record of this case. The plaintiff committed two other similar acts of showing the wrong movie to the wrong audience. The board determined that wilful misconduct may be found if "the final incident of negligence, while not wilful misconduct by itself, is part of a pattern of similar incidents of negligence."[5]
"The Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104, 112,470 A.2d 1196 (1984). "Our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
In conclusion, the court finds that the board was justified in finding that the claimant engaged in wilful misconduct. "As a matter of law, it is well established that disregard of the standards of behavior that an employer has the right to expect of his employees, by carelessness or negligence of sufficient degree of frequency to show disregard for the employer's interests or equal culpability, constitutes wilful misconduct." United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386-87. Therefore, the defendant board's motion (#102) for judgment dated March 23, 2001, is granted and judgment hereby enters dismissing the plaintiffs appeal.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of August, 2001.
William B. Lewis, Judge Trial Referee.