[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
John P. Grasso (claimant) filed a claim for unemployment compensation benefits against his former employer, J P Lo Stocco Auto Parts of Stamford Corporation (employer). The claimant had been employed for approximately four days as a driver, although he had worked for this same employer on two prior occasions. The employer contends that the claimant left his job voluntarily on or about March 19, 2001, and hence was ineligible for unemployment benefits. The claimant stated that he had surgery, was released from the hospital after one day on March 26, 2001, and that he was, at that point in time, "able and available for full-time work which doesn't require continuous driving.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), pursuant to General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that he left his job for good cause attributable to his employer.
Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed to the employment security appeals division, where the case was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether the claimant left suitable work voluntarily and without good cause "attributable to the employer.
The appeals referee, in a decision dated May 25, 2001, made the following factual findings: (1) the claimant could not continue his former job as a driver because it required to much sitting, but could perform other work that did not require sitting so long; (2) after his release from the hospital, the claimant did not return to work and seek another position, but the employer would have given him another job if he had asked; and (3) the medical condition that required the claimant to undergo surgery was not the result of his job as a driver or otherwise attributable to the employer. CT Page 4070-k
The appeals referee concluded that the claimant left work voluntarily and did not explore available options or alternative positions with his employer. Accordingly, the administrator's decision granting unemployment compensation benefits was reversed and benefits were denied.
The claimant appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes § 31-249, contending that he had sought light-duty work not involving driving, but that the employer had refused to give him any job at all. The board reviewed the record, including a tape recording of the hearing before the appeals referee. The board indicated in a decision dated July 26, 2001 that: (1) "[w]hen the claimant was released to light-duty work, he did not ask to return to work for the employer or provide the employer with notice of his particular restrictions post-surgery;" and (2) it agreed with the referee that "the claimant voluntarily left suitable work without adequately exploring alternatives to leaving the job."
Accordingly, the board determined that the appeals referee was correct when she characterized the claimant's actions as a "voluntary leaving," as contrasted with leaving a suitable job for good cause attributable to the employer. Thus, the board affirmed the decision of the appeals referee, and ruled that the claimant was ineligible for unemployment compensation benefits.
The claimant, referred to hereafter as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending, among other things, that he was never offered any position with the employer, despite his attempts to procure some other type of job. The board filed a return of record, and a hearing was held before this court on December 4, 2001.[1]
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Societyv. Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996). CT Page 4070-l
On the other hand, the Supreme Court has held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes §31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to deference. Griffin Hospital v. Commissionon Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, in reviewing this appeal, it is noted that General Statutes § 31-249b provides, in pertinent part, that: "In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 22-9 of the Connecticut Practice Book." See footnote 1, supra. Moreover, Practice Book § 22-4
provides that if an appellant seeks to have the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by "such portion of the evidence" considered relevant to the corrections being sought. In Calnan v. Administrator, 43 Conn. App. 779,785, 686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). The plaintiff in the present case did not file such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the CT Page 4070-m evidence and the credibility of witnesses cannot be challenged.
As to the legal merits of the appeal, the issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra, 43 Conn. App. 785. "The court must not retry facts nor hear evidence." (Internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Society v.Administrator, supra, 238 Conn. 276.
General Statutes § 31-236 (a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "the individual has left suitable work voluntarily and without good cause attributable to the employer." See also section 31-236-17 of the Regulations of Connecticut State Agencies to the same effect.[2]
In the present case, the board determined that the plaintiff left his job voluntarily, intentionally and without good cause attributable to the employer. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v.Administrator, 25 Conn. App. 130, 135, 593 A.2d 154 (1991).
The conclusion of ineligibility for benefits is within the board's competence and should not be overruled. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v.Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to legally and logically justify the conclusions it reached concerning the circumstances under which the plaintiff left his employment. Therefore, the defendant's motion (#101) for judgment dated September 28, 2001, is granted. The board of review's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal. CT Page 4070-n
So Ordered.
Dated at Stamford, Connecticut, this 25th day of March, 2002.
William B. Lewis, Judge T.R.