[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Keith S. Farrow (claimant) applied for unemployment compensation benefits after his employment with his former employer, the U.S. Postal Service, ended on October 6, 2000, at which time he was suspended indefinitely after his arrest by the Stamford Police on narcotics charges. An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), pursuant to General Statutes § 31-222 et seq., determined that the claimant was notable and available for work for the relevant time period between October 21, 2000 and January 6, 2001. Therefore, the examiner denied the claimant's application for unemployment compensation benefits.
Pursuant to General Statutes §§ 31-241 and 31-237j, the claimant appealed the administrator's decision to the Employment Security Appeals Division, where it was referred to an appeals referee for a hearing de novo. The appeals referee stated that the issue presented was whether the claimant was "able and available for work" The appeals referee made the following factual findings: (1) the claimant had not enrolled in a rehabilitation program as of the date of the hearing; and (2) he continued to drink alcohol through Christmas of 2000. The referee concluded that the claimant had not provided sufficient evidence of his rehabilitation. Therefore, the referee affirmed the administrator's decision denying unemployment compensation benefits to the claimant.
The claimant appealed this decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249. The board reviewed the record, including a tape recording of the hearing before the appeals referee, and determined that the referee's conclusion of ineligibility for benefits from October 12, 2000 to January 6, 2001 was supported by the record because, as of the time of the referee's hearing, the claimant had not recovered sufficiently from his addiction to be deemed able and available for work.
The board, however, remanded the case to the referee to determine eligibility for the two week period preceding January 20, 2001 on which date the claimant began receiving unemployment compensation benefits. The referee noted that after the hearing the claimant had enrolled in an intensive rehabilitation program effective January 18, 2001, but not early enough to be eligible for the two weeks in issue.
The board affirmed this decision and thereafter the claimant moved to board's decision as authorized by General Statutes § 31-249a. The claimant contended that he did not realize that he needed to be in CT Page 8458 intensive rehabilitation before being considered as able and available for work. The motion to reopen was denied and its earlier decision was reaffirmed because the board determined that the claimant knew or should have known that he had to prove "sobriety" and did not do so until January 18, 2001 when he enrolled in an intensive program. The board pointed out that "there is no specific eligibility requirement that an individual attend a rehabilitation program. An individual must participate in whatever level of treatment is necessary to allow him to sufficiently recover from an addiction so that he may be able to work, depending on the facts and circumstances of the particular case."
The claimant, referred to hereafter as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b. The board filed a return of record, and a hearing was held before this court on March 28, 2002.[1]
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.). Mattatuck Museum-Mattatuck Historical Societyv. Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381
385-86, 551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to CT Page 8459 determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Accord Latina v. Administrator, 54 Conn. App. 154,159-60, 733 A.2d 885 (1999). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, General Statutes § 31-249b provides, in pertinent part, that: "In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 22-9 of the Connecticut Practice Book." See footnote 1, supra. Practice Book § 22-4 provides, in pertinent part, that if an appellant wishes the board's findings to be corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript. In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings is "a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator,44 Conn. App. 105, 106-7, 686 A.2d 1014 (1997). The plaintiff in this present case did not file such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
As to the merits of the appeal, the issue is whether the decision of the board was logically and rationally supported by the evidence, and was not "unreasonable, arbitrary, illegal or an abuse of the board's discretion." Mattatuck Museum-Mattatuck Historical Society v.Administrator, supra, 238 Conn. 273, 276. Accord Calnan v.Administrator, supra, 43 Conn. App. 785.
General Statutes § 31-235 (a)(2) provides in pertinent part that a person is eligible for benefits if he is "physically and mentally able to work and is available for work and has been and is making reasonable efforts to obtain work . . ." The Regulations of Connecticut State Agencies pertaining to this subject provide in section 31-235-2 (2) that an unemployed individual is eligible to receive benefits with respect to any week only if the administrator finds that the individual is "physically and mentally able to work and is available for work and has been and is making reasonable efforts to obtain work. . . ." Section31-235-4 provides in pertinent part that the administrator shall find that an individual is "physically and mentally able to work so long as CT Page 8460 the individual is capable of performing some type of remunerative work. . . ." This section further provides that "the Administrator shall find that an individual is able to work with respect to a given week if the individual is physically and mentally able to work during those days and hours which are lawful and customary for his usual occupation or industry or other suitable work." Section 31-235-6 provides in pertinent part that in order to find an individual eligible for benefits for any week, the administrator must find that the individual is "available for full-time work during that week. An individual is available for work if he is genuinely exposed to the labor market. An individual is genuinely exposed to the labor market if he is willing, able and ready to accept suitable work."
The board's determination that the plaintiff did not sufficiently demonstrate that he had recovered from his addiction until January 18, 2001 when he enrolled in an intensive rehabilitation program, finds support in the record of this case. "The Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v.Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "Our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
In conclusion, the board was justified in determining that the claimant was not able to and/or not available for work until such time as he enrolled in an intensive rehabilitation program. Therefore, the defendant's motion (#101) for judgment dated November 26, 2001, is granted and judgment hereby enters dismissing the plaintiffs appeal.
Dated at Stamford, Connecticut, this 11th day of July, 2002.
 ___________________ William B. Lewis, Judge Trial Referee